PROBERT, Respondent, vs. SONJU, Appellant.

*March 23 — April 9, 1901.*

*Debtor and creditor: Fraudulent conveyances: Gift to wife.*

Plaintiff at and before her marriage owned a piano, and on her husband's request and his promise to buy her another gave the old one to her father. Afterwards, and while doing a profitable business, with no judgments or suits pending against him, he bought and gave her the piano in question. More than a year thereafter he made a voluntary assignment for the benefit of creditors, up to which time a creditor who recovered judgment subsequent to the assignment, with his wife and daughter, were depositors in the husband's bank. At the time the piano was given, plaintiff's husband owed five dollars as deposits to such creditor's wife and daughter, but none to him. It did not appear that the piano was purchased with intent to defraud existing or subsequent creditors, or that the plaintiff knew or participated in any such intent. *Held* that, even though the husband was insolvent at the time of the purchase in the sense that his resources were insufficient to pay all his liabilities, the transfer was not fraudulent as against such creditor.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *Tomkins & Tomkins,* and oral argument by *W. M. Tomkins.*

For the respondent there was a brief by *H. H. Hayden,* and oral argument by *H. B. Walmsley.*

CASSODAY, C. J. This action of replevin was commenced June 28, 1897, to recover the possession of a piano of the alleged value of $300. The answer consists of admissions and denials, and justified the taking of the piano from the possession of the plaintiff June 24, 1897, as sheriff, under an execution issued June 18, 1897, on a judgment previously rendered in favor of one William Flynn, as plaintiff, and against the plaintiff's husband, A. C. Probert, as defendant. The cause was referred to R. Sleight, to hear, try, and determine. Such trial was commenced and concluded before the referee June 24, 1899. After such trial the referee reported his findings of fact and conclusions of law to the court, to the effect that such allegations of the answer were true; that May 28, 1892, the time at which the plaintiff claims that her husband, A. C. Probert, gave her the piano, he was hopelessly insolvent, and had been so for several years prior to that date, and still was; that the piano originally owned by the plaintiff was of the value of $25; that the piano which this action was brought to recover was, May 28, 1892, of the value of $800, and largely in excess of the value of the old piano and any indebtedness from A. C. Probert to the plaintiff; that at the time the piano was levied upon under the execution it was the property of A. C. Probert, and subject to such levy. And, as conclusions of law, he found that the defendant was entitled to judgment of no cause of action against the defendant, together with costs. Upon a motion to set aside such report, the court ordered that the report of the referee be, and the same was thereby, set aside and vacated, and upon the pleadings and the evidence taken before the referee the court found that at the time alleged in the complaint the plaintiff was the owner of, and entitled to the possession of, the piano therein described; that its value was $800; that the plaintiff's damages for the detention thereof were six cents; that the allegations of the complaint were true; that the property de-

scribed having been delivered to the defendant, and he having given the undertaking required by statute therefor, and the plaintiff's attorney having elected to take judgment for the recovery of the possession of the property described, or the value thereof in case a delivery could not be had, it was thereupon ordered and adjudged that the plaintiff do have and recover of the defendant and his sureties on the undertaking the possession of the property described, together with six cents, her damages for such detention, and, in case a delivery could not be had of the property, then that the plaintiff do have and recover of the defendant and his sureties the sum of $800, the value of the piano, in addition to such damages, together with the further sum of $68.95, the costs and disbursements in this action. From that judgment the defendant brings this appeal.

The following facts appear from the record and are undisputed: The plaintiff was married to A. C. Probert April 21, 1886, at her home, in Paterson, New Jersey. Before and at the time of her marriage she had and owned a piano, in good condition, which she knew to be of the value of $275. Her husband did not like that piano, and told her, if she would leave it with and give it to her father, he would get her a new one after they came West. In pursuance of such request, and on the faith of such promise, she gave that piano to her father, and came West with her husband in the spring of 1887. In pursuance of such promise the plaintiff and her husband went to St. Paul, where there was an agent for the Steinway piano, and examined his stock. Her husband then said to her: "Now, *Jane*, as I promised you a piano as soon as I could get you a good one, you can have any make or style you like, for I wish you to feel satisfied, as it is for you and for your use; and as you prefer this style [Steinway], you shall have it." Her husband gave the order for the piano so selected by her on that day. When it was received at their home her husband said

to her: "Now, *Jane*, this is yours, and how do you like it?" She told him it pleased her in every way; that it was a very beautiful piano, and just the one she wished for. The piano had been in her possession ever since. Her husband was a banker, and the owner of nine tenths of the stock in the Washburn Brewing Company, and was vice-president of the Bay Land & Improvement Company, and its local agent, and transacted a general insurance business. His three banks at that time were doing a solvent, going business. The brewing-company business was in a prosperous condition, paying from five to ten thousand dollars net profit per year, and his real estate and insurance business were both paying good incomes. On June 24, 1893, her husband, A. C. Probert, made an assignment for the benefit of his creditors. Since July, 1896, circumstances have made it impossible for her to live with her husband.

The plaintiff testified that she got the piano in question in November, 1890. There is some evidence tending to prove that she did not get it until May 28, 1892. It does not appear that there was any judgment against her husband, or any suits pending against him, until 1893. It appears that the judgment upon which the execution was issued was not rendered until June 19, 1897; that such judgment was for $230.30 damages and costs; that William Flynn was plaintiff in that judgment; that the amount of damages therein were made up of three accounts at A. C. Probert's bank,— one in favor of his wife for $2.50, deposited in February, 1892, and one in favor of his daughter for $2.50, deposited in February, 1892,— and the balance of the judgment was for moneys deposited in 1893 and 1894, mostly on a long running account of William Flynn with the bank, from which it appears that the balance in his favor June 7, 1893, was only $121.94.

Thus it appears that if the piano was not purchased until May 28, 1892, then only $5 of the indebtedness upon which

the judgment was recovered existed at the time, and none
of that in favor of the judgment creditor, whereas, if the
piano was purchased in November, 1890, as testified to by
the plaintiff, then none of the indebtedness upon which the
judgment is based existed at the time. It may be that
A. C. Probert was insolvent May 28, 1892, in the sense that
his resources were insufficient to pay all his liabilities; but,
as indicated, he was for more than a year afterwards doing
a large and paying business in the different lines mentioned,
with no judgment or suit pending against him. During
that time the judgment creditor, William Flynn, and his
wife and daughter were depositing moneys in his bank,
showing that they did not regard him insolvent. It does
not appear from the evidence that A. C. Probert made the
purchase of the piano with intent to defraud his existing
creditors,— much less, his subsequent creditors. Certainly
there is nothing to indicate that the plaintiff knew of or
participated in any such intent. On the contrary, it is
manifest from the evidence that the plaintiff's husband pur-
chased the piano in pursuance of his agreement with her to
purchase it in consideration of the plaintiff giving to and
leaving her old piano with her father when she came West
with her husband in 1887.

*By the Court.*— The judgment of the circuit court is af-
firmed.